

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Thomas L. Blanton, Jr.
County Attorney
Shackelford County
Albany, Texas

Dear Sir:

Opinion No. O-3685

Re: Trial fees of county judge
and justice of the peace -
commissioners' court -
stenographers.

Your request for an opinion has been received and carefully considered by this Department. We have previously answered your first question by sending you copies of opinions Nos. O-391 and O-594 of this Department. We quote from your request as follows:

"Second question:

"Article 1055 of the Code of Criminal Procedure provides that the county shall be liable for one half of the fees of officers of the court when the defendant fails to pay his fine and lays his fine out in the county jail. Does this provision apply to the fees of the judge and justice of the peace which are provided for in Article 1052 of said code, or is the county liable for the full amount of such fees even where the defendant fails to pay his fine and lays his fine out in the county jail?

"Brief on Second Question:

"There are no cases upon this point, and it is entirely a matter of reasoning from the statutes. However, it is my opinion that the county is liable

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Thomas L. Blanton, Jr., page 2

for the full amount of the fees provided for in
Article 1052 where the defendant lays his fine out,
because the first sentence of Article 1055 seems
to show that that article could not apply to the
fees provided for in Article 1052 without nullifying
the terms of Article 1052 in cases where the defendant
pays his fine. It seems that the fees intended to be
affected by Article 1055 are only those for which the
defendant in a criminal action is liable, and that
this article is not intended to affect fees which are
the primary obligation of the county.

"Third Question:

"Does the Commissioners' Court of Shackelford
County have the authority to allow each commissioner
a monthly allowance of $33.34 for automobile expenses
incurred in supervising county roads, said county
having a population of 6,211, and an assessed valua-
tion of about $7,000,000, and said commissioners
receiving a regular salary of $1,400 per annum for
their services as commissioner?

"Brief on Third Question:

"No express authority for such an allowance ap-
pears in the statutes. However, Article 2351 charges
commissioners with laying out, establishing, changing
and discontinuing public roads and highways, with
building bridges and keeping them in repair, and with
exercising general control over all roads, highways,
ferries and bridges in their counties. It appears
that the commissioners should be reimbursed for ex-
penses incurred in the exercise of such duties, and
that there would be an implied authority for an allow-
ance such as the one in question.

"Fourth question:

"Does the Commissioners' Court have the authority
to employ stenographical help reasonably necessary in
the discharge of its duties, and pay for same out of
the funds of the county?

"Brief on fourth question:

Hon. Thomas L. Blanton, Jr., page 3

> "In chapter 2 of title 44, the Commissioners'
> Court is given a number of duties which today nec-
> essarily involve a large amount of stenographical
> work. The statute does not expressly give the Com-
> missioners' Court the authority to employ a steno-
> grapher to do this work. However, since stenographi-
> cal help is reasonably necessary to carry out the
> express provisions of the statute, it appears that
> the Commissioners' Court would have an implied
> authority to employ such a stenographer, and to pay
> her out of the county funds."

This Department has repeatedly ruled that Justices of the
Peace and County Judges in fee counties are entitled to their
full fees from the county under Article 1052, C. C. P., for
each criminal action tried and finally disposed of by them,
regardless of the method of satisfaction of the fine and costs.
We enclose herewith a copy of opinion No. 0-616 of this De-
partment for your information.

It is our opinion that you have correctly answered the
second question.

We assume that your county operates under the general
road law and we base our answer to your third question upon
that assumption.

This Department has repeatedly ruled that in counties
operating under the general road law that the commissioners'
court has no authority to allow each commissioner a monthly
allowance for automobile expenses incurred in supervising
county roads. For your information we enclose herewith copies
of opinions Nos. 0-3119 and 0-752 of this Department.

Your third question is, therefore, answered in the
negative.

It is fundamental law that the commissioners' court has
only such authority as is conferred upon it by the Constitution
and statutes of this State, either specifically or by necessary
implication. We have been unable to find any express or
implied authority which would authorize the commissioners'
court of your county to employ a stenographer.

Hon. Thomas L. Blanton, Jr., page 4

Your fourth question is, therefore, answered in the negative.

Very truly yours

APPROVED JUN 19, 1941

ATTORNEY GENERAL OF TEXAS

By

FIRST ASSISTANT
ATTORNEY GENERAL

Wm. J. Fanning
Assistant

WJF:N

